Peter L. Haviland (SBN 144967)
THE WHEATON LAW GROUP
2450 Colorado Avenue, Suite 100
Santa Monica, California 90404
Tel.  310.309.7823
Havilandp@thewheatongroup.com

Attorneys for Plaintiff
Sybersound Records, Inc. d/b/a Party Tyme Karaoke

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sybersound Records, Inc., d/b/a Party Tyme Karaoke;<br><br>Plaintiff,<br><br>vs.<br><br>Apollo Global Management, d/b/a The Venetian Resort Hotel; Brookfield Properties d/b/a Grand Canal Shoppes at the Venetian Resort Las Vegas; Kamu Ultra Karaoke at the Venetian; Jeff Kim, an individual,<br><br>Defendants | CASE NO.  2:23-cv-9750<br><br>**COMPLAINT FOR:**<br><br>**(1) WILLFUL COPYRIGHT INFRINGEMENT;**<br>**(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**(3) VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      Apollo Global Management, owner of The Venetian Resort Hotel in Las Vegas, and Brookfield Properties, owner of the Grand Canal Shoppes, are profiting from and contributing to brazen illegal activity by "Kamu Ultra Karaoke at the Venetian" ("Kamu/Venetian"), a karaoke lounge at the Venetian Resort. Kamu/Venetian generates substantial revenues by unauthorized use of copyrighted

sound recordings for its self-described "Sin City" karaoke parties.  The owner of thousands of those recordings, Sybersound Records, Inc., ("Sybersound") now sues for damages for this willful copyright infringement of not less than $264 million (two hundred sixty four million dollars).

2.    Sybersound is a record label based in Los Angeles, California and distributed worldwide by Universal Music Group.  As producers of the Party Tyme Karaoke line, Sybersound has sold 18 Million CDs.  In the digital realm, Party Tyme tracks have generated 50 billion streams on social media platforms like Facebook/Instagram, TikTok and Snapchat.  The Party Tyme Karaoke home streaming services are available in 200 million households worldwide, and can be accessed via smart TVs, Roku, Amazon Fire, Apple TV, Apple iOS and Android devices.

3.    Sybersound's Party Tyme Karaoke Pro subscription-based streaming service is also available, for a licensing fee, for legitimate business/commercial purposes and is used in over 4,000 nightclubs and restaurants.

4.    Sybersound is known for having the best-sounding karaoke recordings on the world market, which are regularly licensed for The Voice, American Idol, America's Got Talent, Carpool Karaoke, and dozens of other TV shows.  The catalog consists of 75,000 of the biggest hit songs of all time from all genres, such as Pop, Rock, R&B, Country, Oldies, Standards, etc., and in various languages including English, Spanish, Portuguese, German, Dutch, Italian, French, Swedish, Hindi, etc.  Party Tyme features songs made popular by artists like Taylor Swift, Bruno Mars, Lady Gaga, Justin Bieber, Ariana Grande, The Weeknd, Rihanna, Imagine Dragons, Pink, BTS, Dua Lipa, Katy Perry, and other international artists. Sybersound creates original copyrighted "cover" sound recordings of these songs, and has publishing licenses in place with 8500 publishers granting worldwide rights for use of compositions and lyrics in the Party Tyme Karaoke services.

5. Rather than pay for a commercial business subscription to use Sybersound/Party Tyme's sound recordings lawfully via the Party Tyme Karaoke Pro Streaming Service – which was offered by Sybersound to Kamu/Venetian – Kamu/Venetian instead has chosen to engage in naked theft and piracy, unlawfully accessing Party Tyme Karaoke content through YouTube. Customers at Kamu/Venetian are expressly instructed by Kamu/Venetian employees on how to access their preferred karaoke songs on tablet computers at the lounge through Kamu/Venetian's YouTube service.

6. YouTube's terms of service protect Sybersound's copyrighted sound recordings on YouTube channels by specifically limiting usage to personal, non-commercial use and prohibiting commercial access, broadcast, display, or public screening of that content. Pertinent terms of YouTube's service agreements state:

**"Terms of Service"**

**"Permissions and Restrictions**

"You may access and use the Service as made available to you, as long as you comply with this Agreement and applicable law. You may view or listen to Content for your personal, non-commercial use.

"The following restrictions apply to your use of the Service. You are not allowed to:

1. access, reproduce, download, distribute, transmit, broadcast, display, sell, license, alter, modify or otherwise use any part of the Service or any Content except: (a) as expressly authorized by the Service; or (b) with prior written permission from YouTube and, if applicable, the respective rights holders;

2. use the Service to view or listen to Content other than for personal, non-commercial use (for example, you may not publicly screen videos or stream music from the Service)."

7. Just as copyright-protected sports broadcasts accessed on television are for individual use, and cannot be exploited in sports bars without an express commercial license, so too Sybersound's copyrighted sound recordings can be accessed on YouTube only for individual use, and cannot be accessed for commercial purposes in karaoke bars without a license. Kamu/Venetian and the other named Defendants have knowingly and willfully violated this obvious principle, subjecting them to, *inter alia,* up to $150,000 per infringement in statutory penalties and attorneys' fees.

8. As recently as September of 2023, Kamu/Venetian charged entrance and related fees to customers who were given access through YouTube to more than 500 copyrighted Sybersound/Party Tyme Karaoke recordings, as listed on Exhibit A. Photographs of Party Tyme Karaoke content illegally streamed through YouTube and appearing on large screens in the Kamu/Venetian lounge rooms were taken, including these:

  

9. Patrons at the Kamu/Venetian lounge personally used these copyrighted Sybersound/Party Tyme recordings at the lounge and were charged by Kamu/Venetian for that use. On information and belief, Kamu/Venetian has made thousands of songs from Sybersound/Party Tyme's catalogue that are accessible

through YouTube available to Kamu/Venetian's customers, illegally, for at least the past three years, without license.

10. The revenues and profits generated from some 40 "private rooms" at the Kamu/Venetian lounge are substantial, with certain rooms charged out at a minimum of $4,000 "after 10 p.m." to which are added bottle service, food, and other amenities. Examples of the Kamu/Venetian's promotion from their website are instructive:













VIP Pharaoh karaoke lounge is perfect for groups up to 30 guests.





"Love KAMU, the only private karaoke rooms near me that I party at!"

## PARTIES

11. Sybersound Records, Inc., d/b/a Party Tyme Karaoke is a record label doing business in Los Angeles, California, which was founded in 1996 and is distributed worldwide by Universal Music Group.

12. Apollo Global Management, d/b/a The Venetian Resort Hotel is an asset management company that has acquired The Venetian Resort Hotel; is doing business in Los Angeles, California, and whose ratification and endorsement by The Venetian Resort Hotel of Kamu/Venetian's ongoing copyright infringement has caused injury to Sybersound in Los Angeles.

13. Brookfield Properties d/b/a Grand Canal Shoppes at the Venetian Resort Las Vegas is a property management company doing business in Los Angeles, California, that manages the Grand Canal Shoppes, an entity managing the stores and vendors doing business at The Venetian, including Kamu/Venetian, and whose ratification and endorsement of Kamu/Venetian's ongoing copyright infringement has caused injury to Sybersound in Los Angeles, California.

14. Kamu Ultra Karaoke at the Venetian is a karaoke lounge doing business in Los Angeles, California and whose copyright infringement has caused injury to Sybersound in Los Angeles, California.

15. Jeff Kim, an individual, is an owner of Kamu Ultra Karaoke, doing business in Los Angeles, California, and bears personal responsibility for the copyright infringement of Kamu/Venetian's ongoing copyright infringement that has caused injury to Sybersound in Los Angeles, California.

## JURISDICTION

16. This Court has original subject matter jurisdiction for claims of copyright infringement under the Copyright Act, 17 U.S.C.§ 501.

17. The Court has personal jurisdiction over Defendants because they purposefully direct their infringing activities, as described herein, towards California residents. Defendants solicit, transact, and are doing business within the State of California and have committed unlawful and tortious acts causing injury in California.

18. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a); and because Defendants and/or their agents are California residents.

## FIRST CAUSE OF ACTION
### (Willful Copyright Infringement)

19. Sybersound is the sole owner of the copyrights in the sound recordings listed in Exhibit A.

20. Sybersound did not authorize Defendants' display, performance or distribution of its works, and has expressly demanded that Defendants cease and desist from this unauthorized use, demands ignored by Defendants. Defendants willfully infringed Plaintiff's Registered Copyrights.

21. Defendants infringed the copyrights in Plaintiff's copyrighted works by distributing and publicly displaying Plaintiff's sound recordings for commercial purposes without authorization.

22. Defendants knew the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiff's works.

23. Defendants knew their acts constituted copyright infringement.

24. Defendants' conduct was willful within the meaning of the Copyright Act.

25. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. Plaintiff has suffered, and until such conduct is enjoined will continue to suffer substantial losses.

26. Plaintiff is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct, 17 U.S.C. § 504, or, alternatively, at Plaintiff's election, up to $150,000 per infringement in statutory damages. 17 U.S.C. § 504(c).

27. In addition, because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

28. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION
### (Contributory Copyright Infringement)

29. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 28, inclusive.

30. Defendants induced, caused and materially contributed to the infringing acts of others by encouraging, inducing, allowing and assisting others to distribute and publicly display Plaintiff's works.

31. Defendants had knowledge of the infringing acts relating to Plaintiff's copyrighted works.

32. The acts and conduct of Defendants, as alleged above in this Complaint constitute contributory copyright infringement.

## THIRD CAUSE OF ACTION
### (Vicarious Copyright Infringement)

33. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 32, inclusive.

34. Defendants had the right and ability to control the infringing acts of the individuals or entities who directly infringed Plaintiff's works.

35. Defendants obtained a financial benefit from the infringing activities of the individuals or entities who directly infringed Plaintiff's works.

36. The acts and conduct of Defendants, as alleged above in this Complaint constitute vicarious copyright infringement.

## PRAYER

WHEREFORE, Plaintiff Sybersound respectfully requests that the Court enter judgment as follows:

(1) Defendants have willfully infringed Plaintiff's rights in federally registered copyrights;

(2) Defendants and their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from further use of Plaintiff's copyrighted sound recordings;

(3) Defendants pay Plaintiff's general, special, actual and statutory damages, including Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, at Plaintiff's election, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful, contributory and/or vicarious infringement of Plaintiff's copyrights; and

(5) Defendants pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504;

(7) The Court grant to Plaintiff such other and additional relief as is just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury for all claims so triable.

Dated: November 16, 2023      Respectfully submitted,

*/s/ Peter L. Haviland*
Attorneys for Plaintiff, Sybersound Records, Inc.

**Certificate of Compliance**

The undersigned, counsel of record for Plaintiff, Sybersound Records, Inc., d/b/a Party Tyme Karaoke, certifies that this brief contains 1,739 words which complies with the word limit of L.R. 11-6.1.

November 16, 2023                    The Wheaton Law Group

/s/ Peter L. Haviland
Attorney for Plaintiff