LAW OFFICES OF FRANK N. LEE
Frank N. Lee (SB No. 122230)
3435 Wilshire Blvd., Suite 450
Los Angeles, California 90010
Phone: (213) 487-9777
Fax:   (213) 487-9776

Attorney for Defendant Don't Tell Mama, Inc.
(incorrectly sued as Kamu Ultra Karaoke at the Venetian)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYBERSOUND RECORDS, INC., d.b.a. Party Tyme Karaoke;<br><br>Plaintiff,<br><br>v.<br><br>APOLLO GLOBAL MANAGEMENT, d.b.a. The Venetian Resort Hotel; BROOKFIELD PROPERTIES d.b.a. Grand Canal Shoppes at the Venetian Resort Las Vegas; KAMU ULTRA KARAOKE AT THE VENETIAN; JEFF KIM, an individual,<br><br>Defendants | Case No. 2:23-cv-09750 FLA(JPRx)<br><br>Judge:   Fernando L. Aenlle-Rocha<br><br>Magistrate Judge: Jean P. Rosenbluth<br><br>DEFENDANT DON'T TELL MAMA, INC.'S (INCORRECTLY SUED AS KAMU ULTRA KARAOKE AT THE VENETIAN) REQUEST TO TAKE JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT<br><br>Date:   February 7, 2025<br>Time:   1:30 P.M.<br>Courtroom: 6B |

<u>REQUEST TO TAKE JUDICIAL NOTICE</u>

Pursuant to F.R.C.P. 201, Defendant Don't Tell Mama, Inc. (incorrectly sued as Kamu Ultra Karaoke at the Venetian) ("DTM") requests that the Court take judicial notice of the following documents in support of its motion to dismiss Plaintiff Sybersound Records, Inc.'s ("Plaintiff" or "Sybersound") Second Amended Complaint:

1. Plaintiff's Original Complaint in this action,
   filed on November 16, 2023 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Dkt. no. 1

|   |   |   |
|---|---|---|
| 2. | Plaintiff's first amended complaint, filed on February 21, 2024. | Dkt. no. 27 |
| 3. | Defendant DTM motion to dismiss Plaintiff's first amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), filed on April 4, 2024 | Dkt. no. 42 |
| 4. | The Court's December 2, 2024 order, granting Plaintiff's motion to dismiss Plaintiff's first amended complaint. | Dkt. no. 53 |
| 5. | Relevant pages from the Compendium of U.S. Copyright Office Practices, United States Copyright Office (3rd ed.)(obtained from https://www.copyright.gov/comp3/; last visited on January 2, 2025) | Exhibit "A" |

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

<u>RE: REQUESTS TO TAKE JUDICIAL NOTICE</u>

The Court may take judicial notice of the first four documents since they were part of the Court's record in this case. "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment. . . . This allows the court to 'take judicial notice of its own files and records . . . .'" *Tal v. Hogan*, 453 F.3d 1244, 1264 & n. 24 (10th Cir. 2006)(citations omitted). *See also Ward v. Crow Vote LLC*, 634 F.Supp.3d 800, 807 (C.D. Cal. 2022)("[A] court may take judicial notice of the filings on the docket in a case before that court.").

The Court may also take judicial notice of the fifth document – Compendium of U.S. Copyright Office Practices (3rd ed.)("Compendium") – which was obtained from the

United States Copyright Office's internet web-page. Declaration of Frank N. Lee at ¶ 2.

Fed. R. Evid. 201(b)(2) states that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Thus, the Court may take judicial notice of the Compendium in connection with Defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff's second amended complaint for failure to state a claim.

As the District Court for the Northern District of California explained in *Laatz v. Zazzle, Inc.*, 682 F.Supp.3d 791 (N. D. Cal. 2023):

> Exhibit 1 is a copy of an excerpt . . . of the Compendium of U.S. Copyright Office Practices, Third Edition (2021) (the "Compendium"). . . . Courts routinely take judicial notice of public records, including documents from the Copyright Office. *See, e.g., Pollstar v. Gigmania, Ltd.*, 170 F. Supp. 2d 974, 979 (E.D. Cal. 2000) (taking judicial notice of informational circular issued by Copyright Office after finding circular " 'generally known' and 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned' because it is contained in the United States Copyright Office"); *Blizzard Ent., Inc. v. Lilith Games (Shanghai) Co. Ltd.*, 149 F. Supp. 3d 1167, 1172 n.4 (N.D. Cal. 2015) (taking judicial notice of report filed with Copyright Office as a matter of undisputed public record); *see also Naruto v. Slater*, 2016 WL 362231, at *4 (N.D. Cal. Jan. 28, 2016) (*granting motion to dismiss based in part on "guidance of the Copyright Office" from the Compendium*). Because the Compendium is a public record of the Copyright Office and Plaintiff does not dispute any facts contained therein, the Court

takes judicial notice of Exhibit 1.

*Id*. at 804 (emphasis added).

In addition, documents obtained from governmental websites – such as the Compendium – are self-authenticating, pursuant to Fed. R. Evid. 902. *Gypsum Resources, LLC v. Clark County*, 674 F.Supp.3d 985, 1002 (D. Nev. 2023)("'Federal courts consider records from government websites to be self-authenticating under Rule 902(5).'")(citations omitted); *Lucent Trans Electronic Co., Inc. v. Foreign Trade Corp.*, 2019 WL 2620726 *9 (C.D. Cal. 2019)("The document is a self-authenticating document from a government website and therefore admissible as non-hearsay. Fed. R. Evid. 902(5)."); *Johnson v. Cate*, 2015 WL 5321784 (E.D. Cal. 2015)("Rule 902 allows for the self-authentication of certain documents, including official publications: 'Books, pamphlets, or other publications purporting to be issued by public authority.' . . . Federal courts routinely consider records from government websites to be self-authenticating.")(quoting Red. R. Evid. 902(5)).

LAW OFFICES OF FRANK N. LEE

Dated: January 2, 2025

/s/ *Frank N. Lee*
Frank N. Lee
Attorney for Defendant Don't Tell Mama, Inc. (incorrectly sued as Kamu Ultra Karaoke at the Venetian)